IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

                              Plaintiff,

vs.

MICHAEL AND AMY WHITING, et al.,

                              Defendants.

_____/

No. CIV S- 04-2501 WBS GGH

FINDINGS & RECOMMENDATIONS

        Plaintiff's motion for entry of default judgment against defendant Michael Whiting, filed August 26, 2005, was submitted on the record.  Local Rule 78-230(h).  Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On November 23, 2004, plaintiff filed the underlying complaint in this action against defendants Michael and Amy Whiting, individually and doing business as Whiting's Oak Furniture, alleging defendants denied him access to their retail store in violation of the Americans With Disabilities Act and state law.  The summons and complaint were personally

\\\\\

\\\\\

1

served on defendant Michael Whiting, on December 20, 2004.[1] Fed. R. Civ. P. 4(e)(2). <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant has failed to file an answer or otherwise appear in this action. On August 2, 2005, the clerk entered default against defendant Michael Whiting, individually and dba Whiting's Furniture.

Notice of entry of default and the instant motion for default judgment and supporting papers were not served on defendant. If default judgment is sought against a party who has appeared in the action, the party must be served with written notice of the application for judgment at least three days prior to the hearing. Fed. R. Civ. P. 55(b)(2). As defendant Whiting never appeared in the action, there was no requirement that he be given notice of plaintiff's motion for default judgment. See <u>LG Electronics, Inc. v. Advance Creative Computer Corp.</u>, 212 F. Supp. 2d 1171, 1174 (N.D. Cal., 2002). Plaintiff seeks an entry of default judgment in the amount of $4,000.

<u>DISCUSSION</u>

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

\\\\\

---

[1] The proof of service does not indicate service on Amy Whiting. Based on plaintiff's motion for default judgment, it is presumed that Amy is being dismissed from the action. Otherwise, an interlocutory partial judgment against Michael Whiting only would be improper.

In view of the foregoing findings, it is the recommendation of this court that:

1. Plaintiffs' motion for entry of default judgment be GRANTED as to Michael Whiting dba Whiting's Furniture. Judgment should be rendered in the amount of $4,000.

2. Defendant Amy Whiting be dismissed from this action.

These findings and recommendations are submitted to the Honorable William B. Shubb, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/13/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Johnson2501.def.wpd

3