IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,                    CIV-S-04-2501 WBS GGH

    vs.

MICHAEL & AMY WHITING, et al.,

    Defendants.                ORDER

_____

        On November 23, 2004, plaintiff filed the complaint in this action against defendants Michael and Amy Whiting, individually and doing business as Whiting's Oak Furniture, alleging defendants denied him access to their retail store in violation of the Americans With Disabilities Act and state law. The summons and complaint were personally served on defendant Michael Whiting, on December 20, 2004. Defendant has failed to file an answer or otherwise appear in this action. On August 2, 2005, the clerk entered default against defendant Michael Whiting, individually and dba Whiting's Furniture. Notice of entry of default and the instant motion for default judgment and

1

supporting papers were not served on defendant because there was no requirement that a defendant who has never appeared in the action be given notice of plaintiff's motion for default judgment. See LG Electronics, Inc. v. Advance Creative Computer Corp., 212 F. Supp. 2d 1171, 1174 (N.D. Cal., 2002).

On October 13, 2005, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within ten days. No objections were filed. Accordingly, the court presumes any findings of fact are correct. See Orland v. United States, 602 F.2d 207, 208 (9th Cir. 1999). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

In his motion for default judgment, plaintiff asks for judgment only against defendant Michael Whiting, individually and doing business as Whiting's Oak Furniture, and seeks only damages, pursuant to the California Civil Code Section 52(a) in the amount of $4,000. He does not ask the court for injunctive relief or any other relief on his federal claim, nor does he ask for any relief against defendants Amy Whiting, Virgil R. Smith, Arcelia Smith or any other defendants.

Ordinarily, the court would be hesitant to enter judgment for damages only on the pendent state claims when no relief is granted on the federal claims. See 28 U.S.C. § 1367(c). But since defendant apparently did not have enough

interest in the outcome of this case to file any responsive pleading or to object to the relief requested, the court presumes no prejudice to defendant by granting the requested relief.

Accordingly, the court having reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the Proposed Findings and Recommendations in full.

IT IS THEREFORE ORDERED that:

1. The Proposed Findings and Recommendations filed October 13, 2005, are ADOPTED; and

2. Plaintiffs' motion for entry of default judgment is GRANTED as to Michael Whiting dba Whiting's Furniture. Judgment is rendered in the amount of $4,000; and

3. This action is dismissed as against all other defendants, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to effect service within the required period of time.

DATED:  December 7, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE